WHATLEY, Judge.
 

 This is an appeal pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), of Morales’s
 
 *649
 
 conviction of aggravated assault on a law enforcement officer and his sentences for two misdemeanors. After his motion for postconviction relief was granted in part, Morales entered a plea of guilty to the felony in exchange for a sentence of fifteen years’ imprisonment, but he did not enter a plea to the misdemeanors. In a motion to correct illegal sentence filed with regard to the felony, Morales pointed out that no action had been taken on the misdemeanors. In response, the trial court sentenced him to concurrent terms of 364 days in county jail on the two counts. Morales filed a second motion to correct illegal sentence asserting that it was improper to sentence him without his having entered a plea to the charges or having been found guilty of them. The State then nol prossed the charges, so the trial court denied the second motion as moot.
 

 A trial court may only sentence a defendant who has been adjudicated guilty, and Morales had not been adjudicated at the time the court sentenced him.
 
 See
 
 Fla. R.Crim. P. 3.700(a) (“Sentence defined. The term sentence means the pronouncement by the court of the penalty imposed on a defendant
 
 for the offense of which the defendant has been adjudged guilty.”
 
 (Emphasis supplied).) Accordingly, we reverse Morales’s sentences for the two misdemeanors and remand to the trial court with directions that it vacate those sentences nunc pro tunc to April 22, 2008, the day before the State nol prossed the charges.
 
 [1]
 

 Reversed and remanded with directions.
 

 NORTHCUTT, C.J., and LaROSE, J„ Concur.
 

 [1]
 

 . In its answer brief, the State did not contest Morales’s suggestion of this disposition.